No. 22-20383

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

RANDALL KALLINEN,

Plaintiff-Appellant,

*versus*

JUDGE MICHAEL NEWMAN,

Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of Texas
Civil Action No. 4:19-cv-02295

APPELLANT RANDALL KALLINEN'S PETITION FOR REHEARING EN BANC

*Submitted by*:
Alexander C. Johnson
511 Broadway Street
Houston, Texas 77102
Telephone: 573.340.3316
**Attorney for Appellant**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Appellant: | Counsel for Appellant: |
|---|---|
| Randall Kallinen | Alexander Johnson, Houston, TX |
|  | Martin J. Siegel, Houston, TX |

| Appellees: | Counsel for Appellees: |
|---|---|
| Judge Michael Newman | Laura B. Hedge, Harris County Attorney's Office, Houston, TX |

*/s/ Alexander C. Johnson*
Alexander C. Johnson
**Attorney for Appellant**

i

# RULE 35(B)(1) STATEMENT

In my professional judgment, the questions presented by this petition satisfy the criteria of Federal Rule of Appellate Procedure 35(b)(2), and, to an extent, Rule 35(b)(1). This case presents a set of facts on the cutting edge of First Amendment jurisprudence; namely the definition, effect, and limits of an official social media page for a government official. Notably, the U.S. Supreme Court granted petitions for writ of certiorari *today*, April 24th, 2023, in two cases on this exact issue: *O'Connor-Ratcliff v. Garnier*, and *Lindke v. Freed*.

The Supreme Court's grant of certiorari and a look at other Circuits' authoritative decisions on this issue lead to two ostensibly opposing, but equally true conclusions that warrant *en banc* determination. First, the grant of certiorari in *two* cases confirms the fact that the Circuits have competing jurisprudence on this issue that require resolution and clarification in the Supreme Court. That being so, this Court should grant *en banc* review at a minimum so that it may decide this case in a manner consistent with those forthcoming rulings. Second, where the Circuits do overlap reveals standards and factors to consider in this type of case that the original Panel completely ignored, setting this Circuit on its own excessively restrictive path that should be corrected by the *en banc* court.

As a final note, this case also implicates Federal Rule of Appellate Procedure 35(b)(1) insofar as it contravenes this Court's and the Supreme Court's understanding of Rule 12(b)(6) and its application.

# TABLE OF CONTENTS

Certificate of Interested Persons — i

Rule 35(b)(1) Statement — ii

Table of Contents — iii

Table of Citations — iv

Issues Meriting En Banc Consideration — 1

Statement of the Case — 1

    **Course of Proceedings** — 1

    **Statement of Facts** — 2

Argument — 3

    1. The Panel dangerously misinterpreted both the facts and the law pertaining to this case such that it inverted the normal 12(b)(6) standard and created a circuit split. — 3

Conclusion — 7

Certificate of Service — 7

Certificate of Compliance — 7

# TABLE OF CITATIONS

**CASES**

*Biden v. Knight First Amend. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021) ................................................................................................................... 5

*Campbell v. Reisch*, 986 F.3d 822 (8th Cir. 2021) ....................................... 5, 6

*Davidson v. Randall*, 912 F.3d 666 (4th Cir. 2019) ......................................... 5

*Garnier v. O'Connor–Ratcliff*, 41 F.4th 1158 (9th Cir. 2022) ................. 3, 5, 6

*Knight First Amend. Inst. at Columbia Univ. v. Trump*, 928 F.3d 226 (2nd Cir. 2019) ............................................................................................... 5, 6

*Lindke v. Freed*, 37 F.4th 1199 (6th Cir. 2022) .......................................... 3, 5

*Netchoice, L.L.C. v. Paxton*, 49 F.4th 439 (5th Cir. 2022) ............................. 3

*Packingham v. North Carolina*, 137 S. Ct. 1730 (2017) .............................. 3, 6

*West v. Shea*, 500 F. Supp. 3d 1079 (C.D. Cal. 2020) .................................... 5

## ISSUES MERITING EN BANC CONSIDERATION

1. Whether the Panel's decision accurately represents the facts of this case in the light most favorable to Appellant, and whether it ignored clear caselaw from other Circuits such that it creates a split.

## STATEMENT OF THE CASE

**Course of Proceedings**

This civil rights case was initially filed on March 1st, 2022,[1] and was amended for the first and only time on May 5th, 2022.[2] Defendant Newman filed his motion to dismiss on May 19th, 2022,[3] Plaintiff responded on June 29th, 2022,[4] and Defendant replied on July 15th, 2022.[5] Plaintiff also moved to amend the complaint on July 15th,[6] wishing to add injunctive relief. The district court granted the motion to dismiss, denied the motion to amend, and entered final judgment on July 20th, 2022.[7] Plaintiff timely filed his

---

[1] ROA.1 (Doc. 1).
[2] ROA.2 (Docs. 14, 17).
[3] ROA.2 (Doc. 18).
[4] ROA.3 (Doc. 23).
[5] ROA.3 (Doc. 28).
[6] ROA.3 (Doc. 29).
[7] ROA.4 (Docs. 30–31).

notice of appeal on July 28th, 2022.[8] On appeal, the panel chose not to hear oral argument, and affirmed the district court's order on the briefing.[9]

**Statement of Facts**

In short, Plaintiff-Appellant Randall Kallinen, a local Houston attorney and politically engaged citizen, alleged that he had critical comments deleted from an elected judge's official Facebook page and was blocked in violation of the First Amendment.[10] He alleged that Defendant-Appellee Judge Michael Newman created a Facebook page during his tenure as a judge, where he posted mostly in one of the three following categories: communications relating to and furthering his work as a probate judge; promotions of his primary election campaign for reelection; and personal messages and posts.[11]

His profile picture shows Judge Newman in his robe, sitting on the bench in front of the United States and Texas flags.[12] The page was named "Michael Newman," included the description "Judge Probate Court 2," and listed his occupation as "Judge, Harris County Probate Court 2."[13] Crucially, Judge Newman repeatedly used the page to communicate messages directly

---

[8] ROA.4 (Doc. 32).
[9] Panel Opinion.
[10] *See generally* ROA.126–188 (Doc. 14, First Amended Complaint).
[11] ROA.129 (¶ 7); ROA.149; ROA.248–352.
[12] ROA.149.
[13] ROA.149.

relating to his judicial work, which were often accompanied by pictures of Judge Newman in his robes, Judge Newman behind the bench, and/or pictures of the courtroom itself.[14] This official Facebook page was available for public viewing, comment, and interaction.[15]

# ARGUMENT

1. **The Panel dangerously misinterpreted both the facts and the law pertaining to this case such that it inverted the normal 12(b)(6) standard and created a circuit split.**

When can a government official block a person — in this case, a citizen, constituent, and dissident — from their social media page, or, in the words of this Court, their corner of "the modern public square?"[16] As of today, April 24th, 2023, the Supreme Court will address that question in two upcoming cases that bear resemblance to the one at bar: *O'Connor-Ratcliff v. Garnier* from the 9th Circuit, and *Lindke v. Freed* from the 6th Circuit.[17] Both ask the same question and reach different results. If, on that basis, this Court does not believe it can adequately address the facts of this case, then it should, at a minimum, take it under *en banc* consideration and wait until the Supreme Court rules on those cases before committing to the original

---

[14] *See, e.g.*, ROA.129 (¶ 8), 172, 175–77.
[15] ROA.129–30 (¶10).
[16] *Netchoice, L.L.C. v. Paxton*, 49 F.4th 439, 445 (5th Cir. 2022) (quoting *Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017)).
[17] On appeal from *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158 (9th Cir. 2022); and *Lindke v. Freed*, 37 F.4th 1199 (6th Cir. 2022), respectively.

Panel's misguided published opinion. Appellant asserts, however, that despite some differences that the Supreme Court will resolve among the Circuits on this issue, that there are enough cases to distill a set of factors that should be considered in this class of First Amendment cases, and that the original Panel was wrong to spurn those factors.

But before even reaching those factors, the Panel made the same fundamental mistake as the district court: it found significant facts against Mr. Kallinen despite the standard of review in order to reach its conclusion. Like the district court, the Panel found that "Judge Newman used his private Facebook account to support his campaign for reelection as well as share news about his personal and family life with the public," without addressing the myriad examples of Judge Newman's official use of his account, nor the trappings of the account pointing to its official nature, nor the fact that a reelection based on past job performance creates fact questions as to whether given reelection-oriented posts are also official posts related to his elected position.[18] That fundamental mistake itself subverts the standard of review under Federal Rule of Civil Procedure 12(b)(6) as it's been understood by all federal courts for decades.

But beyond that, the Panel's decision puts the 5th Circuit on a path divergent from the rest when it comes to these First Amendment cases. From what the other Circuits have established, courts should look at a non-

---

[18] Panel Opinion at p. 2 (also erroneously stating that its characterization of Judge Newman's Facebook page is "undisputed").

4

exhaustive list of factors including at least: (1) whether the official uses social media in connection with official business; (2) whether the page or feed bears at least some recognized trappings of a governmental or otherwise official outlet; (3) whether the censored speech comments on matters of public concern or the official's job performance; and (4) whether state resources are used to establish or maintain the account.[19] Crucially, the account need not include feature *exclusively* official content, lest any rule applying the First Amendment to the social media context be rendered meaningless by an official's occasional personal post.

Had the original Panel correctly construed the facts, it should have found that Mr. Kallinen alleged more than enough facts to clear the low bar set by Rule 12(b)(6). The complaint and excerpts from Judge Newman's Facebook page show that a *significant* portion of his page was devoted to (1) official matters (note that "significant" need not be "majority," although a factfinder could find that a majority of posts are official depending on the criteria

---

[19] *See, e.g., Garnier*, 41 F.4th at 1171; *Lindke*, 37 F.4th at 1205–06; *Campbell v. Reisch*, 986 F.3d 822, 825–28 (8th Cir. 2021); *Knight First Amend. Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 235–36 (2nd Cir. 2019), *judgment vacated as moot sub nom Biden v. Knight First Amend. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021); *Davidson v. Randall*, 912 F.3d 666, 680–81 (4th Cir. 2019). Various district courts across the country also recognize and utilize at least some of these criteria in myriad cases, many of which survive the motion to dismiss due to the inherently factual nature of the analysis. *See, e.g., West v. Shea*, 500 F. Supp. 3d 1079, 1086 (C.D. Cal. 2020) (plaintiff survived the motion to dismiss because there were "multiple examples of posts where Defendant describes the actions she took as mayor, including ordinances she co-authored, ceremonies she officiated, and meetings she attended.").

used); (2) contain some of the official trappings of a governmental account by prominently displaying his title and jurisdiction and showing Judge Newman in his official robes behind the bench in his profile picture; and (4) feature and rely upon the resources provided by Judge Newman's office, and.[20] He also (3) deleted Mr. Kallinen's comments regarding a matter of public concern, chiefly corruption, and blocked Kallinen, an involved and influential citizen, from participating at all.[21] By ignoring these facts and factors in a published opinion, this Court is splitting itself from the other Circuits and putting itself at risk by making this new standard effectively irrelevant depending on the outcome of *Garnier* and *Lindke* at the Supreme Court.

Finally, the issue of qualified immunity should not prevent *en banc* determination. Four circuits have now held that a government official may not block critics or remove their criticism from a Facebook or Twitter account used in connection with official business and bearing official trappings.[22] Moreover, because social media websites are understood as a public fora and have been for years, government censorship in that forum is perhaps the most obvious conceivable violation of the First Amendment.[23]

---

[20] *See generally* ROA.126–188.

[21] *Id.*

[22] *See Garnier*, 41 F.4th at 1171; *Campbell*, 986 F.3d at 825–28; *Knight*, 928 F.3d at 235–36; *Davidson*, 912 F.3d 680–81.

[23] *See Packingham*, 137 S. Ct. at 1737.

# CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the *en banc* Court **VACATE** the panel's decision, **REVERSE** the district court, and **REMAND** the case for further proceedings.

*/s/ Alexander C. Johnson*
Alexander C. Johnson
State Bar of Texas
  Bar No. 24123583
alex@acj.legal
511 Broadway Street
Houston, Texas 77021
Telephone: 573.340.3316
**Attorney for Appellant**

# CERTIFICATE OF SERVICE

I certify that on April 24th, 2023, the foregoing Brief was filed electronically using the Court's CM/ECF system, which will give notice to all counsel of record through the Court's ECF System.

*/s/ Alexander C. Johnson*
Alexander C. Johnson
**Attorney for Appellant**

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 35(b)(2)(A) because it contains 2,199 words in total. This brief complies with the typeface requirements of Rule 32(a)(5) and the

type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word version 16, and is set in Adobe Caslon Pro, size 14.

*/s/ Alexander C. Johnson*
Alexander C. Johnson
**Attorney for Appellant**
